# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1581

_____

United States of America,                    *
                                             *
      Plaintiff - Appellee,         *    Appeal from the United States
                                             *    District Court for the
   v.                                    *    Western District of Missouri
                                             *
Bruce Allen Johnson,                         *
                                             *    [UNPUBLISHED]
      Defendant - Appellant.        *

_____

Submitted: June 21, 2010
Filed: August 2, 2011

_____

Before MELLOY and BENTON, Circuit Judges, and DOTY,[1] District Judge.

_____

PER CURIAM.

Following a jury trial, Bruce Johnson was convicted pursuant to 21 U.S.C. § 843(b) for using a telephone to facilitate the commission of a felony controlled-substance offense, namely possession with the intent to distribute marijuana. On appeal, Johnson challenged the sufficiency of the evidence, and we affirmed. We held that a reasonable jury could have concluded Johnson's telephone call to his co-defendant requesting marijuana facilitated his co-defendant's felony drug offense of possessing with the intent to distribute marijuana. United States v. Rodebaugh, 561

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

F.3d 864, 870 (8th Cir. 2009).   The Supreme Court subsequently reversed and remanded the case for further consideration in light of <u>Abuelhawa v. United States</u>, 129 S. Ct. 2102 (2009).   <u>Johnson v. United States</u>, 130 S. Ct. 1136 (2010).   In <u>Abuelhawa</u>, the Supreme Court resolved a circuit split on the meaning of the word "facilitate" in § 843(b) and held that the use of a telephone to make a misdemeanor drug purchase does not "facilitate" the felony offense of narcotics distribution. <u>Abuelhawa</u>, 129 S. Ct. at 2104.  In this case, the relevant jury instruction permitted the jury to convict Johnson either under the theory that his use of the telephone to purchase marijuana from his co-defendant facilitated his *own* felony drug offense of possession with the intent to distribute or under the theory that his use of the telephone facilitated his co-defendant's felony drug-distribution offense.   Since the latter theory would allow the jury to convict on the basis of misdemeanor purchases, we believe the jury instruction is over-inclusive and runs afoul of <u>Abuelhawa</u>.  Given that such an error cannot be considered harmless on this record, we reverse and remand to the district court for a new trial.  <u>See</u> <u>United States v. Fiorito</u>, 640 F.3d 338, 349 (8th Cir. 2011).

_____